IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY REID, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-CV-10197 |
| | ) | |
| v. | ) | Judge Amy St. Eve, |
| | ) | Judge Presiding. |
| STATE OF ILLINOIS, DEPARTMENT OF | ) | |
| JUVENILE JUSTICE, | ) | Magistrate Judge Valdez |
| | ) | |
| Defendant. | ) | |
| | ) | |

**AMENDED COMPLAINT**

Plaintiff ANTHONY REID, through his attorney, the Moran Law Group, complains in this Amended Complaint against Defendant STATE OF ILLINOIS and its Department of Juvenile Justice as follows:

**NATURE OF THE CASE**

1. Anthony Reid (hereafter "Plaintiff" or "Reid") brings this employment discrimination action seeking redress for racial discrimination at work, disability discrimination and retaliation for complaining of same at work, and retaliation for exercising the protected activity of whistle blowing suffered in his capacity as an employee of the State of Illinois, Department of Juvenile Justice ("IDJJ").

2. Plaintiff was and continues to be harassed and discriminated against based upon his race (African-American) in violation of Title VII of the Civil Rights Act of 1964, as amended

under 42 U.S.C. §§ 2000 *et seq*. ("Title VII"), and in violation of 42 U.S.C. §§ 12111 *et seq*., as amended, and his disability. Plaintiff continues to be retaliated against in violation of 42 U.S.C. § 2000 *et seq.,* and § 12203(a) of the Americans With Disabilities Act and Title VII. In addition, Plaintiff suffers continuing retaliation for whistle blowing in violation of the Illinois State Officials and Employees Ethics Act ("Ethics Act"), 5 ILCS 430/1-1 *et seq.* (West 2008).

3. Reid filed his Charges of Discrimination with the Equal Employment Opportunities Commission on October 7, 2015 (No. 440-2014–02840 amended), and on July 25, 2016 (No. 440-2016-06501 amended).

## JURISDICTION

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1343(a)(1-4), Acts of Congress conferring original jurisdiction on this court over any civil action to recover damages or to secure equitable relief under the Constitution, treaties, or any Act of Congress, including those providing for relief from discrimination and retaliation in employment, *e.g.*, 42 U.S.C. § 2000e-2, 42 U.S.C. § 2000e-3(a), *et seq*., 42 U.S.C. §§ 12111 *et seq*., and 42 U.S.C. § 12203(a). The Court has supplemental jurisdiction over the state law claim pleaded in this complaint pursuant to 28 U.S.C. § 1367.

5. Plaintiff has complied with all statutory prerequisites of his claims, by filing with the EEOC within 300 days of the last discriminatory act and filing this cause of action within 90 days of his receipt of the Dismissal and Notice of Charges. (True and accurate copies of Plaintiff's EEOC Complaints are attached hereto as **EXHIBITS to his pro complaint which is attached here.**

6. Shortly after August 9, 2016, Reid received her Dismissals and Notices of Right

to Sue as to both of the charges he had filed, to wit: amended 440-2014-02840 and amended 440-2015-06501. (True and accurate copies of the EEOC right to sue letters are attached hereto as **EXHIBITS to his pro se complaint, attached here.**

7. Plaintiff filed his *pro se* complaint on October 31, 2016.

8. Defendants stayed the action until September 6, 2017, when the stay was lifted.

## VENUE

9. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391, as all events described herein took place in the Northern District and the parties reside, or are located therein.

## PARTIES

10. At all relevant times to and including the filing of his Amended Complaint, Reid was and is an "employee" of the IDJJ, as defined in 42 U.S.C. §2000e (f), 42 U.S.C. § 12111, and 5 ILCS 430/1-5. Reid was hired by the State of Illinois's Department of Juvenile Justice on or about June 29, 2009. His current position is Juvenile Justice Specialist Supervisor.

11. Defendant IDJJ has offices located in Chicago, Harrisburg, Pere Marquette, St. Charles and Warrenville, Illinois, and is a unit of state government. The IDJJ is a "public body" as defined at 5 ILCS 430/15-5.

## FACTS COMMON TO ALL COUNTS

12. Plaintiff Anthony Reid has been employed by the IDJJ since June 29, 2009.

13. Reid suffered an on-the -job back injury in 2010. The injury has been aggravated by further trauma since then on August 24, 2012, August 22, 2014, and July 1, 2015. The IDJJ is aware of Reid's injury and subsequent re-injuries, as Plaintiff filed worker's compensation

claims for them.

14. Reid repeatedly requested reasonable accommodation for his disability as a result of his injuries, including but not limited to December 4, 2014, July 1, 2015, August 10 and August 20, 2015, directing those requests to IDJJ Superintendent Barger, and later, on October 8, 2016 to Chief Taylor.

15. Reid has been and remains qualified to perform his job duties.

16. Reid has received recognition and awards for his work and has completed numerous seminars and studies, including obtaining both M.A. and M.S. degrees.

## REID HAS SOUGHT ACCOMMODATIONS AND HAS BEEN THE VICTIM OF REPEATED RETALIATION

17. Reid has repeated requested reasonable accommodation for his injury but none has been provided.

18. Reid has applied for numerous positions that would constitute promotions and/or would accommodate his disability, but though he is equally or more qualified than other applicants for these positions, he has been passed over or the position was rescinded.

19. For example, over a 12 month period, Reid was interviewed 6 times for more than 20 open positions, including 7 supervisor positions. At one point, Reid was required to provide 3 years of time sheets and 2 years of evaluations for an interview for Juvenile Justice Supervisor. Defendant claimed that this requirement was a "new" policy. In fact, the policy was so "new" it was handwritten on documents mailed to Reid at his home. Because Reid was consistently denied light duty, while other employees (white) received it, his difficulty in walking at that time meant he could not go to the departments to obtain the now required documents.

20. All of Reid's difficulties in obtaining promotions/and or positions accommodating his disability began after Reid complained of IDJJ's selection policies to the EEOC. Reid also complained in writing to Superintendent Larger on or about December 5, 2014, naming the names of others not qualified for their positions and further noting to Larger of the repeated problems in getting Reid's medications approved. Further, he noted in a communication with the Illinois Department of Human Rights that he was docked more than $500 in two consecutive pay periods in early 2014 by Larger. And, in 2015, his car privileges (enabling him to get around the large facility, were removed.

21. Reid unsuccessfully applied for the position of Juvenile Justice Supervisor in February 2012, April 2012, April 2014, June 2014, and October 2014.

22. In January 2014, Reid applied for the position of Juvenile Justice Youth and Family Specialist, and was hired for the position. However, on notifying administration of his disability, the job offer was rescinded. This formed part of the charge of discrimination Reid filed with EEOC on October 7, 2015.

23. In 2016, Reid was eligible for and made known his desire for placement into one of two open positions for which he was qualified: Juvenile Justice Youth and Family Specialist, and Juvenile Justice Youth and Family Specialist Supervisor. Despite Reid having the job qualifications, he was not placed in either position. Both open positions would have also constituted a reasonable accommodation for his injuries. The job description calls for no physical attributes. The failure to place Reid in either position was part of his second charge of discrimination filed with EEOC on July 25, 2016. Days after Reid filing his pro se complaint, he was granted interviews for Juvenile Justice Youth and Family Specialist Supervisor (JJYFSS).

Defendant had told EEOC that Reid was not qualified for the position due to his disability.

24. Despite his disability, Reid was ordered to return to full duty by Chief of Security Barbee on December 24, 2014. Reid informed Superintendent Larger that same day of his permanent light duty. Reid discovered that the return to full duty order where a treating physician found light duty was in order, was against department policy. Reid worked full duty from December 24, 2014 to July 4, 2015, and on December 31, 2014 was ordered to work an additional 8 hours (a total of 16). Reid was informed that Superintendent Larger gave the order.

25. Plaintiff's physician had cleared him only for "light duty." These duties included desk work, and other functions that do not involve the normal officer duties.

26. Reid did not receive his disability pay check from about January 1 to March 13, 2014. He was told that the checks were sent but he never received them.

27. Plaintiff immediately requested light duty from his superiors.

28. He was not given any light duty and was forced to take medical leave.

29. Defendant treated Reid differently than three white employees, all in the same position as Reid, all of whom were permitted to return to work with "light duty" restrictions in June of 2015, October of 2016, and May, 2017.

30. Reid was never informed of his rights or the possibility of taking an unpaid leave of absence under the Family Medical Leave Act.

31. Around September 2016, Reid was cleared by his doctor for a return to full duty on a trial basis.

32. Despite the RTW, defendant sent Reid to its own doctor who determined that Reid was totally disabled, resulting in returning him to paid medical leave.

**COUNT I - HARASSMENT AND DISCRIMINATION IN VIOLATION OF TITLE VII**

33. Plaintiff restates and reincorporates Paragraphs 1-32 as if fully stated herein.

34. Plaintiff is a member of a protected class under Title VII. He is African-American.

35. During his employment at IDJJ, he has been treated differently than white employees both as to his eligibility to apply for certain positions and to the denial of his requests for accommodation.

WHEREFORE, Plaintiff respectfully asks this Honorable Court to enter a judgment against Defendant as follows:

A) For an order declaring that the IDJJ's actions and practices violated 42 U.S.C. § 2000e, and permanently enjoin the IDJJ and the State of Illinois (and their officers, agents, and successors) from engaging in actions or practices that discriminate against any employee on the basis of race for asserting their rights under this Act;

B) For an order directing the IDJJ and the State of Illinois to pay Plaintiff compensatory damages;

C) For an order directing the IDJJ and the State of Illinois to pay Plaintiff any withheld pay and lost benefits;

D) For an order directing the IDJJ and the State of Illinois to restore any lost seniority and benefits, or, in the alternative, to pay front pay and lost benefits;

E) For an order directing Defendant to remove any negative memoranda, notes, documents, files, comments, letters, etc., from Plaintiff's personnel file;

F)      Award Plaintiff his reasonable attorneys' fees and costs; and

G)      Grant any and all other relief that this Court deems just and proper.

**COUNT II - HARASSMENT AND DISCRIMINATION IN VIOLATION OF ADA**

36.      Plaintiff restates and reincorporates Paragraphs 1-35 as if fully stated herein.

37.      Reid is a member of the protected class under the ADA. At relevant times, he has suffered from traumatic injuries received on the job requiring accommodations.

38.      During his employment with IDJJ, he has been subjected to disparaging comments about his health condition, comments from supervisors as to the status of his health, repeatedly told that he was unqualified for numerous positions because of his disability and forced to take medical leave, and was accepted into a position only to be informed that it was rescinded due to his disability.

WHEREFORE, Plaintiff respectfully asks this Honorable Court to enter a judgment against Defendant as follows:

A)      For an order declaring that the IDJJ's actions and practices violated 42 U.S.C. § 12111, and permanently enjoin the IDJJ and the State of Illinois (and their officers, agents, and successors) from engaging in actions or practices that discriminate against any employee for asserting their rights under this statute or participation in this lawsuit;

B)      For an order directing the IDJJ and the State of Illinois to pay Plaintiff compensatory damages;

C)      For an order directing the IDJJ and the State of Illinois to pay Plaintiff any withheld pay and lost benefits;

D)   For an order directing the IDJJ and the State of Illinois to restore any lost seniority and benefits, or, in the alternative, to pay front pay and lost benefits;

E)   For an order directing Defendant to remove any negative memoranda, notes, documents, files, comments, letters, etc., from Plaintiff's personnel file;

F)   Award Plaintiff his reasonable attorneys' fees and costs; and

G)   Grant any and all other relief that this Court deems just and proper.

## COUNT III - FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

39.  Plaintiff restates and reincorporates Paragraphs 1-38 as if fully stated herein.

40.  Plaintiff was in extreme pain due to an on the job injury and informed Defendant of same and further filed worker's compensation claims.

41.  He repeatedly requested an accommodation to assist him in going throughout the facility which involved walking long distances and being on one's feet for hours. For example, his physician returned him to work under light duty restrictions which Defendant refused to honor.

42.  Another example was his being given the use of a car for several months and then, though it greatly accommodated Reid's disability, was removed.

43.  Such accommodations were not an undue burden. In fact, Defendant gave at least 3 others light duty at work. But here Defendant failed to make any accommodation and Reid was forced to take medical leave though light duty or other positions applied for would have managed his condition.

WHEREFORE, Plaintiff respectfully asks this Honorable Court to enter a judgment against Defendant as follows:

A) For an order declaring that the IDJJ's actions and practices violated 42 U.S.C. § 12111, and permanently enjoin the IDJJ and the State of Illinois (and their officers, agents, and successors) from engaging in actions or practices that discriminate against any employee for asserting their rights under this statute or participation in this lawsuit;

B) For an order directing the IDJJ and the State of Illinois to pay Plaintiff compensatory damages;

C) For an order directing the IDJJ and the State of Illinois to pay Plaintiff any withheld pay and lost benefits;

D) For an order directing the IDJJ and the State of Illinois to restore any lost seniority and benefits, or, in the alternative, to pay front pay and lost benefits;

E) For an order directing Defendant to remove any negative memoranda, notes, documents, files, comments, letters, etc., from Plaintiff's personnel file;

F) Award Plaintiff his reasonable attorneys' fees and costs; and

G) Grant any and all other relief that this Court deems just and proper.

**COUNT IV - VIOLATION OF THE ILLINOIS STATE OFFICIALS AND EMPLOYEES ETHICS ACT**

44. Plaintiff restates and reincorporates Paragraphs 1-43 as if fully stated herein.

45. At all times related to his complaint, Reid was "a State employee" within the definition of the Illinois State Officials and Employees Ethics Act ("Ethics Act").

46. Reid engaged in protected activity under the Ethics Act in disclosing to his superiors conduct (see below) that he reasonably believed was in violation of a law, rule or

regulation.

47.     In consequence of his disclosures, he was retaliated against, denied both the right to apply for positions, such as Juvenile Justice Youth and Family Specialist ("JJYFS") and Juvenile Justice Youth and Family Specialist Supervisor ("JJYFSS") and in having positions he was accepted for rescinded or withdrawn.

48.     On or about December 5, 2014, Reid disclosed to Barger that he (Reid) had reported to the EEOC "the department's disregard for lawful selection policies" and he had brought these disclosures to IDJJ before going to the EEOC.

49.     Reid told Larger that he had been passed over by more than 15 people and he addressed scoring issues as to two other employees.  He informed Barger that the Chief of Security, Barbee, was offered his position with various requirements waives.  Reid noted many incident reports were written by himself and others documenting Barbee's retaliatory conduct and actions, and specifically noted a close connection between Barger and Barbee to former Deputy Director Smith who was reprimanded for misconduct.

## PRAYER FOR RELIEF

WHEREFORE, in light of the foregoing, Plaintiff  prays this Court to enter judgment on his behalf and against Defendant STATE OF ILLINOIS, DEPARTMENT OF JUVENILE JUSTICE, and grant him the following relief:

A.      All wages and benefits he would have received but for the unlawful discrimination, retaliation, and violation of the Whistleblower provisions of the Illinois State Officials and Employees Ethics Act, including prejudgment interest on same;

B. Two times any back pay due;

C. Interest on back pay;

D. Reinstatement of full fringe benefits and seniority rights;

E. Punitive damages;

F. Reasonable costs and attorney fees pursuant to 5 ILCS 430/15-25.

G. Such other and further relief as the Court deems appropriate.

**Jury Demand**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff respectfully requests a trial by jury on all counts.

Respectfully submitted,

By:/s/ John Thomas Moran, Jr.
    John Thomas Moran, Jr.

The Moran Law Group
309 West Washington Street
Suite 900
Chicago, Illinois 60606
(312) 630-0200

Ivan Rittenberg
Rittenberg, Buffen, Gulbrandsen,
Robinson & Saks, Ltd.
309 West Washington Street
Chicago, Illinois 60606
(312) 332-5400